**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRAD BURDELL, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 4:24-cv-01034-JAR |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Brad Burdell's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The United States of America has responded. ECF No. 10. For the reasons set forth below, Petitioner's Motion will be denied.

**Factual Background**

The underlying factual background is set forth in the record, the Guilty Plea Agreement, and the United States' Response.

**Procedural Background**

Petitioner was charged on January 19, 2022, by a federal grand jury for one count of knowingly possessing a firearm after having been convicted previously of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). *See USA v. Burdell*, 4:22-cr-00019-JAR-1, ECF No. 1.[1]

The Guilty Plea Agreement

On May 5, 2023, Petitioner pled guilty to Count One of the Indictment, pursuant to the Guilty Plea Agreement with the United States. *See* Crim. ECF No. 64. Pursuant to the Guilty Plea Agreement, Petitioner agreed to plead guilty to Count One of the Indictment in exchange for the

[1] Filings in Petitioner's criminal case will be referenced hereinafter as "Crim. ECF No."

United States' agreement "that no further federal prosecution will be brought in this District relative to the Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment." *Id.* at 1-2.

Petitioner admitted to knowingly violating Title 18, United States Code, Section 922(g)(1), and admitted there was a factual basis for the plea and that he fully understood that the elements of the crime are:

(i) The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

(ii) The Defendant, thereafter, knowingly possessed a firearm;

(iii) At the time the Defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(iv) The firearm was transported across a state line at some point during or before the Defendant's possession of it.

*Id.* at 2-3.

Petitioner agreed to waive "all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea." *Id.* at 7. Petitioner further agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.* at 7-8.

Petitioner also agreed that he was "fully satisfied with the representation received from defense counsel;" that he had "reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel;" and that defense counsel had "completely and satisfactorily explored all areas which [he had] requested relative to the United States' case and any defenses." *Id.* at 10. Petitioner acknowledged "having

voluntarily entered into both the plea agreement and the guilty plea," and that his guilty plea was made of his "own free will." *Id.* at 11.

<u>Sentencing</u>

On September 5, 2023, the Court sentenced Petitioner to a term of imprisonment for 38 months in the custody of the United States Bureau of Prisons to be followed by a period of two years of supervised release. Crim. ECF No. 76.

Petitioner did not appeal his conviction or sentence.

<u>Release</u>

After serving his sentence, on April 21, 2025, Petitioner began his term of supervised release. *See* Crim. ECF No. 81. On April 30, 2026, Petitioner filed a Motion for Early Termination of Probation or Supervised Release Term. Crim. ECF No. 80. On June 1, 2026, the Court discharged Petitioner from supervised release. Crim. ECF No. 81.

**Claim for Relief**

Petitioner raises one ground for post-conviction relief. Petitioner alleges ineffective assistance of counsel, asserting that his attorney was ineffective for not protecting Petitioner's right to appeal under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and the Second Amendment. Petitioner states that a "carve out" should have been "obtained [in his plea agreement] to protect a BRUEN claim." ECF No. 1 at 9. Petitioner notes that *Bruen* was decided a year prior to his plea agreement, that his attorney was aware of the holding in *Bruen*, "and knew to protect Burdell's right to appeal a Second Amendment Claim." ECF No. 1 at 9. Petitioner further asserts, under *United States v. Rahimi*, 602 U.S. 680 (2024), that "[a]rguments that convicted felons are not 'responsible' citizens" are insufficient to show that 18 U.S.C. § 922(g)(1) is consistent with *Bruen*.

## Legal Standards

Relief Under 28 U.S.C. § 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law, moreover, only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Petitioner bears the burden to prove he is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Ineffective Assistance of Counsel

The standard established in *Strickland v. Washington*, 466 U.S. 668 (1984) provides the framework for evaluating ineffective-assistance-of-counsel claims. *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). Petitioner "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id.*

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir. 2006); *see also United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *see also United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel

claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir. 2005), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as [] guaranteed [] by the Sixth Amendment." *Id.* (cleaned up). Review of counsel's performance by the court is highly deferential, and the Court presumes "that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The Court does not second-guess trial strategy or rely on the benefit of hindsight, *id.*, and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (8th Cir. 2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *See Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir. 1996).

The second part of the *Strickland* test requires that Petitioner show he was prejudiced by counsel's error, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the Court "must consider the totality of the evidence before the judge or jury." *Williams v. United States,* 452 F.3d 1009, 1013 (8th Cir. 2006) (quoting *Strickland,* 466 U.S. at 695).

<u>Right to Evidentiary Hearing</u>

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a Petitioner is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the Petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (internal citation omitted). The Court may dismiss a claim "without an

evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990), *cert. denied*, 507 U.S. 919 (1993)).

Since the Court finds that Petitioner's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

**Discussion**

Petitioner's argument relies on *Bruen*, in which the United States Supreme Court held "that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). The opinion recognizes "certain reasonable, well-defined restrictions" on this right, *id.* at 70, and Justice Alito's concurrence notes that the holding in *Bruen* has not "disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns," *id.* at 72 (Alito, J., concurring). In *Heller*, the Court stated that its opinion should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at 81 (Kavanaugh, J., concurring) (citing *D.C. v. Heller*, 554 U.S. 570, 626 (2008)).

Here, the conduct of Petitioner's counsel did not fall below an objective standard of reasonableness. Petitioner asserts that his counsel should have filed a motion based on *Bruen* or otherwise attempted to "protect Burdell's right to appeal" under *Bruen*. ECF No. 1 at 9. Yet the Court in *Bruen* was clear that its holding was not intended to disturb laws restricting the possession of firearms by felons. Under the *Strickland* test, therefore, there was no serious error made by Petitioner's counsel with regard to *Bruen*. Indeed, the Eighth Circuit, in a decision made after *Bruen*, specifically affirmed the constitutionality of 18 U.S.C. § 922(g)(1), further making clear that there was no serious error, nor was Petitioner prejudiced. *United States v. Jackson*, 110 F.4th

1120, 1129 (8th Cir. 2024), *cert. denied,* 145 S. Ct. 2708 (2025).

Petitioner also references *United States v. Rahimi*, 602 U.S. 680 (2024), which was decided the year following Petitioner's guilty plea and sentencing. Petitioner cannot prevail on an ineffective assistance of counsel argument based on *Rahimi*, because Petitioner's counsel could not have been expected to make an argument based on a case that had not yet been decided; "counsel's performance is not deficient by failing to predict future developments in the law." *Wajda v. United States*, 64 F.3d 385, 388 (8th Cir. 1995). Regardless, the Eighth Circuit also considered *Rahimi* in affirming the constitutionality of 18 U.S.C. § 922(g)(1).[2] *See Jackson*, 110 F.4th 1120. Thus, even if Petitioner's counsel could have been expected to make an argument based on *Rahimi*, Petitioner's counsel made no serious error in not doing so, and Petitioner was not prejudiced as a result.

For all these reasons, Petitioner's Motion will be denied in its entirety.

**Certificate of Appealability**

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among

[2] Though the Eighth Circuit had originally only considered *Bruen* in *Jackson*, the case was remanded to the Eighth Circuit for further consideration following *Rahimi*. *See United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), *cert. granted, judgment vacated,* 144 S. Ct. 2710 (2024). On remand, the Eighth Circuit determined that *Rahimi* did not change its conclusion. *Jackson*, 110 F.4th at 1122.

reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [Petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Therefore, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Brad Burdell's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 29th day of October, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE